PER CURIAM.
Appellant tax assessor by this interlocutory appeal poses the following point: Is the Florida Railroad Assessment Board an indispensable party defendant to a cause brought to require the assessment of all real property in a particular county at 100% of its just value or fair market value?
By his complaint appellee Butscher alleged, inter alia, that “ * * * the assessments on the said 1964 tax roll, as well as the 1965 tax roll, and on several previous tax rolls, were not equal and uniform as required by law, and as a result thereof, there has been in Marion County, Florida, an unfair and unequal distribution of the tax burden upon taxpayers of the said Marion County.” In seeking relief the ap-pellee prayed that the circuit court enter a decree declaring that any assessment of real property at any rate other than 100% of fair market value is illegal, improper, and discriminatory as to the taxpayers of Marion County, Florida.
Pursuant to rule 1.11(b), Florida Rules of Civil Procedure, 30 F.S.A., appellant moved to dismiss the cause for failure to join the Florida Railroad Assessment Board as an indispensable party. This motion was denied by the trial court. By this appeal appellant asserts that complete and full relief cannot be given as prayed for in the complaint unless the Florida Railroad Assessment Board is made a party defendant because in reality there are two assessors in each county — the county tax assessor for all real property other than that prescribed by subsection 193.11(2), Florida Statutes, F.S.A.,[1] and the Railroad Assessment Board —each exercising its own independent discretion in making its assessments. In view of the above-quoted allegations contained in the complaint, we agree with appellant that the Florida Railroad Assessment Board is-an indispensable party to this action.
This cause is reversed and remanded with directions to the chancellor to grant appellees appropriate time to join the Florida Railroad Assessment Board as a party defendant, otherwise the cause to be dismissed.
RAWLS, C. J., and CARROLL, DONALD K., and JOHNSON, JJ., concur.

. Section 193.11(2), Florida Statutes, F.S.A., provides:
“All railroads, telegraph, express, sleeping ears, freight line and equipment companies shall he assessed in accordance with chapter 195, in the manner and by the officers now provided by law.”